BOARDMAN, Chief Judge,
dissenting.
After a long and hard look at the facts of the case before us in light of In re Pratt, I find that I must dissent from the majority opinion. While I do not disagree with Judge Ott’s conclusion that application of the doctrine of partial dependent relative revocation is not precluded by any legal precedent in Florida, I do not believe that it is appropriate under the facts of the case before us.
The testamentary instruments before this court clearly and unambiguously express the intent of the testatrix to leave the major portion of her estate to charity and to disinherit her adopted daughter who is the appellee in this case. Nonetheless, we are bound by the law of wills as developed in Florida and
we can give effect to the intent of the testator only insofar as it is not inconsistent with [that] law .
In re Pratt’s Estate, supra, at 503.
The 1969 will executed by the testatrix, Emma Jones, included two provisions critical to my decision in this case. First is the express revocation of all prior wills and codicils in the preface even though they would have been revoked by operation of *1187 law absent such a provision. Second is the express revocation of the bequest to the Salvation Army, American Legion Hospital (All Children’s Hospital), and the Mound Park Hospital (Bayfront Medical Center) in paragraph eight of the 1969 will which provided that her
overall testamentary plan has not changed from my previous Will, but only the selection of the beneficiaries.
A further indication of her intent to revoke the bequest to appellants is implied by paragraph seven of the 1969 will, the ill-fated charitable trust provision, which does not mention appellants while it does include a precatory clause specifically suggesting to the cotrustee that the “Most Worshipful Grand Lodge, F. & A. M. of the State of Florida” be considered as a beneficiary. Under the circumstances of the case we are' restricted by In re Pratt to look no further than the testamentary documents to determine the intent of the testatrix to revoke prior wills.
The doctrine of dependent relative revocation is based on the desire of the judiciary to fulfill the testator’s intended disposition of his estate. Application of that doctrine, however, requires an initial determination by the court that the testator did not intend to revoke a prior will or bequest if the later will or bequest was void. Where as in this case the later, 1969 will clearly evidences an intent to revoke the earlier, 1965 bequest to appellants we cannot apply the doctrine even to effect the testatrix’s overall desire to leave her estate to charitable entities.
Moreover, I do not believe that this appeal is properly before this court. By the mandate of this court in the 1975 appeal involving the estate of Emma Jones the residue was to pass by intestacy to the adopted daughter. Notice of probate of the Jones estate was given to all interested parties as required by the law then in effect. It was then incumbent on any properly noticed party purportedly interested in the estate to make its interest known to the court within six months of the notice. Any interest appellants might have had ih the Jones estate did not arise from the invalidity of the 1969 charitable trust provision, it arose from the testatrix’s execution of the 1965 will.
ON PETITION FOR REHEARING